J-S23029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DONALD STEWARD :
:
Appellant : No. 2083 EDA 2020

Appeal from the PCRA Order Entered September 24, 2020,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0403521-2003.

BEFORE: LAZARUS, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED SEPTEMBER 7, 2021**

Donald Steward appeals from the order denying his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA") as untimely filed. 42 Pa.C.S.A. §§ 9541-46. We affirm.

A jury convicted Steward on July 27, 2004, of rape and sexual assault. On December 3, 2004, the trial court sentenced Steward to an aggregate term of ten to twenty years of imprisonment. The PCRA court summarized the prolonged procedural history as follows:

> On November 2, [2009], the Superior Court rejected a direct appeal filed by [Steward], thereby affirming his judgment of sentence. [Steward] then filed a timely petition for allowance of appeal with the Pennsylvania Supreme Court,

_____

[*] Retired Senior Judge assigned to the Superior Court.

which vacated the portion of the trial court's opinion related to prosecutorial [misconduct] and remanded the matter back to the Superior Court to remand the matter to the trial court to address whether the assistant district attorney committed prosecutorial misconduct. The trial court concluded that there was no prosecutorial misconduct which our Superior Court affirmed. [Steward] then filed a timely petition for allowance of appeal with the Pennsylvania Supreme Court, which denied his petition on May 12, 2011.

On May 8, 2012, [Steward] filed his first PCRA petition. During the next four (4) years, [Steward] with the aid of court appointed counsel filed several amended petitions. [Steward] also requested to proceed pro se and was permitted to do so following a **Grazier** hearing. While [Steward's] first PCRA petition was proceeding, [Steward] filed a second PCRA petition on May 12, 2016 and a third petition on May 12, 2017. On June 7, 2017, the trial court dismissed [Steward's] first PCRA petition. [Steward] appealed this dismissal and our Superior Court affirmed on February 14, 2019. While [Steward's] appeal from his first PCRA petition was pending, a federal district judge from the Eastern District of Pennsylvania issued an opinion finding that a jury instruction on reasonable doubt, similar to the one given in [Steward's] trial, was unconstitutional. [**Brooks v. Gilmore**, 2017 WL 3475475 (E.D. Pa. August 11, 2017).]

On October 10, 2017, [Steward] filed another PCRA petition contending that both trial and appellate counsel were ineffective for failing to object to the jury instruction given on reasonable doubt in his trial as constitutionally infirm. Thereafter, this second PCRA matter was administratively reassigned to [the current PCRA court] for disposition. Thereafter, [Steward] filed another PCRA petition again contending that both trial and appellate counsel were ineffective for failing to object to the jury instruction given on reasonable doubt in his trial as constitutionally infirm. These matters were both dismissed by [the PCRA court] as [Steward's] pending appeal deprived [the PCRA court] of jurisdiction over the subsequently filed PCRA petitions. [Steward's] petition for allowance of appeal with the Pennsylvania Supreme Court [from the denial of his first PCRA petition] was denied on August 7, 2019. [Steward] then appealed [the PCRA court's dismissals of his

two (2) subsequently filed PCRA petitions to our Superior Court. On December 16, 2019 and February 3, 2020, respectively both of these appeals were dismissed; the first being quashed by our Superior Court, *sua sponte*, and the other discontinued by [Steward].

While both of the above* subsequently dismissed appeals were pending, [Steward] filed this [serial] PCRA petition again contending that both trial and appellate counsel were ineffective for failing to object to the jury instruction given on reasonable doubt in his underlying rape trial as constitutionally infirm. On February 20, 2020, appointed counsel filed a supplemental petition challenging the constitutionality of the reasonable doubt instruction, premised upon the federal district court holding in [**Brooks**, **supra**].

PCRA Court Opinion, 2/19//21, at 2-4 (excess capitalization and footnotes omitted).

On July 8, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Steward's latest PCRA petition because the issue raised in the petition was meritless and the petition was untimely filed. Steward did not file a response. By order entered September 24, 2020, the PCRA court dismissed Steward's serial PCRA petition. This timely appeal followed. Both Steward and the PCRA court have complied with Pa.R.A.P. 1925.

Steward raises the following two issues on appeal:

1. Did the PCRA court err and/or abuse its discretion when it dismissed [Steward's] petition as untimely filed?

2. Did the PCRA court err and/or abuse its discretion when it dismissed [Steward's] petition where counsel was ineffective for failing to challenge a jury instruction regarding reasonable doubt which violates [Steward's] Due Process rights?

Steward's Brief at 5.

In his first issue, Steward asserts that the PCRA court erred in concluding his latest PCRA petition was untimely filed. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). Here, because Steward's underlying claim arose prior to December 24, 2017, he was required to file his PCRA petition invoking one of these statutory exceptions within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2) (repealed).[1] In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

_____

[1] The current statutory subsection extends the period to one year.

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Steward's judgment of sentence became final on August 10, 2011, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Steward had until August 10, 2012, to file a timely petition. Because Steward filed his latest PCRA petition in 2019, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. ***See Hernandez***, ***supra***.

Steward failed to plead and/or prove any exception to the PCRA's time bar in his supplemental PCRA petition. Rather, for the first time in his Rule 1925 statement he asserted that he has met the "newly-discovered evidence" exception because he became aware that his due process rights were violated once ***Brooks***, ***supra***, was decided. Because this exception was not raised in the petition it is waived. ***Burton***, ***supra***. Moreover, it is now well-settled that judicial decisions do not constitute a new "fact" for PCRA timeliness exception purposes. ***See***, ***e.g.***, ***Commonwealth v. Whitehawk***, 146 A.3d 266, 271 (Pa. Super. 2016) (reiterating that "subsequent decisional law does not amount to a new 'fact' under Section 9545(b)(1)(ii) of the PCRA").

In sum, our review of the record supports the PCRA court's conclusion that it lacked jurisdiction to consider Steward's serial PCRA petition because it was untimely, and Steward has not established a time-bar exception.[2]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2021

---

[2] The PCRA court therefore lacked jurisdiction to consider Steward's second issue. **Derrickson**, **supra**. Nonetheless, the court correctly noted that the **Brooks** decision is not binding authority, and the court cogently explained why the case is unpersuasive. **See** PCRA Court Opinion, 2/19/21, at 8-11. While we do not disagree with this discussion, the court lacked jurisdiction to consider the merits of Steward's second issue.